**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GAYNELL COLBURN<br>1700 N. Gay Street, 2R-216<br>Baltimore, Maryland 21213,<br>individually and on behalf of all others<br>similarly situated,<br><br>    *Plaintiff*,<br><br>*v.*<br><br>THE ROSE GROUP, LLC<br>402 Jennings Mill Drive<br>Bowie, Maryland 20721<br><br>    Serve on:<br>    Ashley R. Williams<br>    402 Jennings Mill Drive<br>    Bowie, Maryland 20721<br><br>and<br><br>ROSE CASUAL DINING, L.P.<br>29 Friends Lane<br>Newton, Pennsylvania, 18940<br><br>    Serve on:<br>    Harold T. Rose<br>    29 Friends Lane<br>    Newton, Pennsylvania, 18940<br><br>and<br><br>DELAWARE VALLEY ROSE, L.P.,<br>29 Friends Lane<br>Newton, Pennsylvania, 18940<br><br>    Serve on:<br>    Harold T. Rose<br>    29 Friends Lane<br>    Newton, Pennsylvania, 18940,<br><br>    *Defendants*. | Case No. 1:19-cv-3454 |

1

## CLASS ACTION COMPLAINT

Plaintiff, Gaynell Colburn, ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against The Rose Group, LLC, Rose Casual Dining, L.P., and Delaware Valley Rose, L.P., collectively doing business as Applebee's Neighborhood Grill and Bar, ("Defendants"), for declaratory and injunctive relief, attorneys' fees, expenses and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and its implementing regulations (the "ADA"), averring as follows:

### INTRODUCTION

1.      Plaintiff brings this civil rights class action on behalf of all others similarly situated against Defendants for violations of the ADA in connection with Defendants' failure to provide and ensure equal access for individuals with mobility disabilities who patronize Defendants' Applebee's Neighborhood Grill and Bar restaurants ("Defendants' restaurants").

2.      Despite passage of the ADA nearly thirty years ago, to this date, Defendants' restaurants are not fully accessible to persons with mobility disabilities. Defendants have discriminated, and continue to discriminate, against Plaintiff, and all others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations at Defendants' restaurants by failing to provide accessible dining areas.

3.      Defendants have also failed to make reasonable modifications to their policies, practices, and procedures that are necessary to provide their goods, services, facilities, and accommodations to individuals with mobility disabilities. By failing to undertake efforts to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals, Defendants subject Plaintiff and those similarly situated to

2

discrimination, exclusion, and unequal treatment in violation of the ADA.

4.      Defendants fail to provide individuals with mobility disabilities the most integrated setting appropriate for them within their restaurants by providing unequal, different, and separate benefits and by segregating and separating individuals with disabilities from individuals without disabilities. Specifically, Defendants fail to provide individuals with mobility disabilities the opportunity to choose the type of table to sit at and where to sit in a dining area through the placement, orientation, and use of inaccessible dining surfaces, thereby providing Plaintiff and those similarly situated the opportunity to participate in and benefit from Defendants' goods, services, facilities, and accommodations in a manner that is not equal to the experience that is afforded to other individuals without disabilities.

5.      Defendants will continue discriminating unabated unless and until enjoined as Plaintiff requests. Accordingly, Plaintiff seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), enjoining Defendants from continuing their discriminatory conduct, including an order directing Defendants to make alterations to their restaurants to make their restaurants fully accessible to and independently usable by people with disabilities to the extent required by the ADA; an order requiring Defendants to make all reasonable modifications in policies, practices, or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis; and a declaration determining that Defendants' restaurants are in violation of Title III of the ADA and its implementing regulations, as described in this Complaint; an award of attorneys' fees, expenses, and costs associated with pursuit of this litigation; and any other such relief that this Court deems just and proper.

6.

**THE PURPOSE OF THE ADA**

7.      Congress passed the ADA, in part, because it found that "historically, society has tended to isolate and segregate individuals with disabilities, and such forms of discrimination… continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

8.      Congress also found that "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities". 42 U.S.C. § 12101(a)(5)

9.      When the ADA was signed into law by President George H.W. Bush, he declared: "Together, we must remove the physical barriers we have created and the social barriers that we have accepted. For ours will never be a truly prosperous nation until all within it prosper."[1]

10.     For almost thirty years, the ADA has been the central civil rights law protecting people with disabilities, a group of Americans who are too often overlooked and undervalued. Like other civil rights laws, the purpose of the ADA is clear: the eradication of discrimination. As one legal scholar explained: "A single step in front of a store may not immediately call to mind images of Lester Maddox standing in the door of his restaurant to keep blacks out. But in a crucial respect they are the same, for a step can exclude a person who uses a wheelchair just as surely as a no-blacks-allowed rule can exclude a class of people." Samuel Bagenstos, *The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation*, 54 UCLA L. Rev. 1, 23 (2006).

---

[1] EEOC.gov, Remarks of President George Bush at the Signing of the Americans with Disabilities Act, *available at*: https://www.eeoc.gov/eeoc/history/35th/videos/ada_signing_text.html

11.     Title III of the ADA and its implementing regulations broadly protect the rights of individuals with disabilities to independently and equally access places of public accommodation.

12.     The Supplementary Information to 28 C.F.R. § 36 explains, among other things: "Some of the most frequently cited qualitative benefits of increased access are the increase in one's personal sense of dignity that arises from increased access and the decrease in possibly humiliating incidents due to accessibility barriers. Struggling [to use a non-accessible facility] negatively affect[s] a person's sense of independence and can lead to humiliating accidents, derisive comments, or embarrassment. These humiliations, together with feelings of being stigmatized as different or inferior from being relegated to use other, less comfortable or pleasant elements of a facility . . . all have a negative impact on persons with disabilities."

## JURISDICTION AND VENUE

13.     The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

14.     Personal jurisdiction exists for Defendants because they own, operate, lease and/or control restaurants located in Maryland.

15.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

## PARTIES

16.     Plaintiff Gaynell Colburn is, and at all times relevant for purposes of this action was, a resident of Baltimore, Maryland.

17.     Plaintiff is a person with a mobility disability who is limited in the major life activity of walking, which has caused her to use a wheelchair for mobility. Plaintiff is therefore a

member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

18.     Plaintiff is both a tester in this litigation and a consumer who wishes to access Defendants' goods and services.  *See, e.g., Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 457 (4th Cir. 2017); *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.,* 867 F.3d 1093, 1102 (9th Cir. 2017); *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211-12 (10th Cir. 2014); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372-74 (1982).

19.     Defendant The Rose Group, LLC is a limited liability company organized under Pennsylvania law, and is headquartered at 29 Friends Lane, Newton, Pennsylvania 18940.

20.     Defendant Rose Casual Dining, L.P. is a limited partnership organized under Pennsylvania law, and is headquartered at 29 Friends Lane, Newton, Pennsylvania 18940.

21.     Defendant Delaware Valley Rose, L.P. is a limited partnership organized under Pennsylvania law, and is headquartered at 29 Friends Lane, Newton, Pennsylvania 18940.

22.     Defendants own, operate, lease and/or control Applebee's restaurants throughout Maryland and the United States.

## FACTUAL ALLEGATIONS

## PLAINTIFF'S EXPERIENCE

23.     In November 2019, Plaintiff patronized Defendants' Applebee's restaurant located at 6798 Reisterstown Road, Baltimore, Maryland 21215 (the "Reisterstown Applebee's"), which is approximately ten miles from Plaintiff's residence.

24.     Plaintiff regularly visits restaurants, including Applebee's restaurants, for dining and to socialize with friends. The ability to independently patronize restaurants is important to Plaintiff and her quality of life, serving as a critical social outlet for her.

25.     Plaintiff desired to be served at the Reisterstown Applebee's bar dining area, and more specifically, desired to be served at and use the dining surfaces at the bar counter there. When she requested to be seated in the bar dining area, a female employee told Plaintiff: "no, there is nowhere in there that will accommodate you."

26.     Following this exchange, another employee intervened and attempted to seat Plaintiff in the bar dining area, however Plaintiff could not be seated anywhere in the Reisterstown Applebee's bar dining area because Defendants have failed to provide accessible dining surfaces at the bar counter for Plaintiff and others similarly situated to utilize and there is no other accessible seating in the bar dining area. Defendants only offer inaccessible bar counters, raised booth seating, or high-top tables, as depicted in the following images:

8



*Figure 1 – Applebee's, 6798 Reisterstown Road*



*Figure 2 – Applebee's, 6798 Reisterstown Road*

27.     Because Plaintiff could not be seated in the bar dining area, Plaintiff was subsequently seated in another area of the restaurant that had a table low enough to accommodate her.

28.     Though Plaintiff is serving as a tester in this case, Plaintiff has visited and enjoyed Applebee's restaurants in the past and would like to patronize Defendants' restaurants, including the Reisterstown Applebee's, in the future and be served at the bar dining area; however, the lack of accessible dining surfaces and seating in the restaurant's bar dining area has deterred and continues to deter Plaintiff from patronizing Defendants' restaurants.

9

29.    Plaintiff intends to continue to test Defendants' restaurants.

30.    Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendants' failure to provide accessible dining surfaces and seating to persons with mobility disabilities.

### DEFENDANTS' RESTAURANTS ARE INACCESSIBLE

31.    Defendants own, operate, lease, and/or control approximately 54 Applebee's restaurant franchises across Maryland, New Jersey, Delaware, and Pennsylvania.

32.    In Maryland, Defendants own, operate, lease, and/or control approximately 11 Applebee's restaurant franchises.

33.    On information and belief, Defendants are responsible for the design, construction, alteration, and operation of their franchised restaurants, including with respect to ADA compliance.

34.    On Plaintiff's behalf, an investigation of multiple locations owned, operated, leased and/or controlled by Defendants confirmed that, in addition to the -- Applebee's discussed above, other of Defendants' restaurants also have bar dining surfaces that are not accessible to patrons who use wheelchairs or scooters for mobility, and do not provide for accessible seating in the bar dining area. Upon information and belief, the configuration and design of Defendants' restaurants follows a mandatory common design and construction plan, and most of Defendants' restaurants have the same inaccessible features identified above at the -- Applebee's. Defendants' inaccessible restaurants include but are not limited to:

    a.   634 Baltimore Blvd, Westminster, Maryland 21157;

    b.   2141 Generals Hwy, Annapolis, Maryland 21401;

    c.   2408 Brandermill Blvd, Gambrills, Maryland 21054;

 d. 6505 Baltimore National Pike, Catonsville, Maryland 21228;

 e. 8610 LaSalle Road, Townson, Maryland 21286; and,

 f. 8999 Ocean Gateway, Easton, Maryland 21601.

35. Defendants' failure to provide individuals with mobility disabilities accessible dining surfaces or accessible seating in the bar dining areas is discriminatory, segregationist, and in violation of the ADA. Just as Defendants could not exclude customers from the bar dining area based upon race, the ADA precludes Defendants from segregating customers based upon disability.

36. Because Defendants' restaurants are centrally owned, operated, and/or controlled by Defendants, and are subject to the same common design and construction plans that result in the discriminatory conditions found within the restaurants' bar dining areas, the scope of harm at issue in this matter can only be redressed through an injunction that encompasses the entirety of Defendants' network of restaurants and Defendants' centralized policies and practices.

## CLASS ALLEGATIONS

37. Plaintiff brings this action under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure on behalf of herself and the following class:

> All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of bar dining services offered to patrons at any of Defendants' restaurants located within Maryland that lack accessible dining surfaces and seating in the bar dining area.

38. Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

39.     Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

40.     Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' goods, services and facilities due to the discriminatory conduct described above. The questions of law and fact that are common to the class include:

a.   Whether Defendants operate places of public accommodation and are subject to Title III of the ADA and its implementing regulations;

b.   Whether Defendants' restaurants' bar dining areas are inaccessible to Plaintiff and putative class members; and,

c.   Whether Defendants' policies and practices discriminate against Plaintiff and putative class members in violation of Title III of the ADA and its implementing regulations.

41.     Adequacy of Representation: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

42.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

**CAUSE OF ACTION**

**Violations of 42 U.S.C. §§ 12181, *et seq.***

43.     Plaintiff incorporates by reference each and every allegation contained in the previous paragraphs.

44.     Plaintiff brings this claim individually and on behalf of the defined putative class of individuals described above.

45.     Plaintiff is an individual with a mobility disability who uses a wheelchair for mobility. Plaintiff, accordingly, is an individual with a disability pursuant to the ADA, in that Plaintiff has a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102(1)(A); 28 C.F.R. § 36.105.

46.     Defendants are a public accommodation under the ADA. 42 U.S.C. § 12181(7).

**Failure to Provide Accessible Facilities**

47.     The ADA requires all public accommodations that are designed and constructed after January 16, 1993 to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12183(a)(1).

48.     Defendants' restaurants, upon information and belief, were designed and constructed after January 16, 1993, and were therefore required to be designed and constructed to be readily accessible to, and independently usable by, individuals with disabilities.

49.     The Department of Justice, pursuant to 42 U.S.C. § 12186(b), has promulgated the ADA Accessibility Guidelines ("ADAAG") in implementing Title III of the ADA. There are two active ADAAGs that set forth the technical structural requirements that a public accommodation must meet in order to be "readily accessible": the 1991 ADAAG Standards, 28 C.F.R. § pt. 36, App. D ("1991 Standards"), and the 2010 ADAAG Standards, 36 C.F.R. § pt. 1191, App. D ("2010

Standards").

50.     Defendants' facilities must comply with either the 1991 Standards or the 2010

Standards, depending on when a given facility was constructed.[2]

51.     Defendants provide bar counter dining surfaces in their restaurants, at which they

provide the service of food and drink for customer consumption.

52.     The 1991 Standards set forth express requirements for restaurants with respect to

the accessibility of dining surfaces, such as a bar counter: "Where food or drink is served at

counters exceeding 34 inches (865 mm) in height for consumption by customers seated on stools

or standing at the counter, a portion of the main counter which is 60 inches (1525 mm) in length

minimum shall be provided in compliance with § 4.32 or service shall be available at accessible

tables in the same area." 1991 Standards § 5.2.

53.     For Defendants' restaurants that were required to be constructed in compliance with

the 1991 Standards, Defendants' restaurants' bar dining areas do not comply with the 1991

Standards, because:

> a. Defendants do not provide a portion of the bar counter which is 34 inches or
>    less in height;
>
> b. Defendants do not provide a portion of the bar counter which is 60 inches in
>    length that complies with Section 4.32 of the 1991 Standards; and

---

[2] 28 C.F.R. § 36.406 establishes the circumstances that determine which ADAAG applies to facilities subject to 28 C.F.R. §§ 36.401 or 36.402: (1) facilities shall comply with the 1991 Standards if the date when the last application for a building permit is before September 15, 2010, or if no permit is required, if the start of physical construction or alterations occurs before September 15, 2010 (28 C.F.R. § 36.406(a)(1)); (2) facilities shall comply either with the 1991 Standards or with the 2010 Standards if the date when the last application for a building permit is on or after September 15, 2010, and before March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after September 15, 2010, and before March 15, 2012 (28 C.F.R. § 36.406(a)(2)); and (3) facilities shall comply with the 2010 Standards if the date when the last application for a building permit is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012 (28 C.F.R. § 36.406(a)(3)).

      c.  Defendants do not provide service at accessible tables in the same area as the bar counter.

54.     The dining surface accessibility requirement was modified in the 2010 Standards to provide: "Where dining surfaces are provided for the consumption of food or drink, ***at least 5 percent*** of the seating spaces and standing spaces at the dining surface shall comply with §902." 2010 Standards § 226.1 (emphasis added). "Dining surfaces" explicitly includes "bars, tables, lunch counters, and booths." 2010 Standards § 902.1 - Advisory.

55.     Section 902 provides that the top of a dining surface shall be 28 inches minimum and 34 inches maximum above the floor, and provide a clear floor space positioned for a forward approach with appropriate knee and toe clearance. 2010 Standards §§ 902.2-3.

56.     The 2010 Standards no longer provides an exception if service is available at accessible tables in the same area as an inaccessible dining surface. Instead, dining surfaces that are required to comply with Section 902 "shall be dispersed throughout the space or facility containing dining surfaces. . . ." 2010 Standards § 226.2.

57.     For Defendants' restaurants that were required to be constructed in compliance with the 2010 Standards, Defendants' restaurants' bar dining areas do not comply with the 2010 Standards because there is no provision for five percent of the seating spaces and standing spaces at the bar counter to comply with Section 902 of the 2010 Standards; indeed, none of the seating and/or standing spaces at the bar counter and in the bar dining area comply with Section 902.

58.     The lack of accessible bar counters and seating in Defendants' restaurants demonstrates that Defendants' restaurants were not designed and constructed to be readily accessible to, and independently usable by, individuals with mobility disabilities, although it was structurally practicable for Defendants to do so.

**Denial of "Full and Equal" Enjoyment and Use**

59.     The ADA requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

60.     Defendants discriminated and continue to discriminate against Plaintiff and others similarly situated by denying "full and equal" enjoyment and use of the goods, services, facilities, privileges, advantages, and accommodations of Defendants' restaurants during Plaintiff's visit and each incidence of deterrence.

**Failure to Provide the Most Integrated Setting**

61.     Public accommodations are required to provide their goods, services, facilities, and accommodations "in the most integrated setting appropriate to the needs of the individual." 42 U.S.C. § 12182(b)(1)(B).

62.     The Department of Justice defines the "most integrated setting" as "a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible."[3]

63.     Defendants have failed to provide the most integrated setting appropriate to the needs of Plaintiff and those similarly situated by limiting the areas and options for where Plaintiff may choose to eat and/or drink, resulting in a setting that segregates and separates individuals with mobility disabilities, preventing them from interacting with non-disabled individuals to the fullest extent possible.

---

[3] https://www.ada.gov/olmstead/q&a_olmstead.htm

**Failure to Modify Existing Policies, Practices, and Procedures**

64.     The ADA requires reasonable modifications in policies, practices, or procedures when necessary to afford goods, services, facilities, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

65.     By failing to provide accessible dining surfaces and seating, Defendants have engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination by failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

66.     Defendants have no policy, practice, or procedure, or else Defendants failed to create, implement, and maintain policies, practices, and procedures, to ensure individuals with mobility disabilities are not denied the opportunity to have the same dining experience at their restaurants as individuals without disabilities, resulting in a denial of the opportunity for individuals with mobility disabilities to have full and equal access to all of the goods, services, privileges, advantages, and accommodations that make up Defendants' restaurants.

67.     Defendants have further failed to create, implement, and maintain policies, practices, and procedures to comply with ADA building design and construction regulations and standards.

68.     A reasonable modification in the policies, practices, and procedures described above will not fundamentally alter the nature of Defendants' goods, services, facilities, privileges, advantages, and accommodations.

17

69.     Defendants' ongoing and continuing violations of the ADA have caused, and, in the absence of an injunction, will continue to cause harm to Plaintiff and those similarly situated.

70.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a.      A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants failed to take action reasonably calculated to ensure that Defendants' dining surfaces and seating were fully accessible to, and independently usable by, individuals with mobility disabilities;

b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs:

i.      Defendants to take all steps necessary to bring their restaurants' bar dining areas into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the dining surfaces are fully accessible to, and independently usable by, individuals with disabilities;

ii.      Defendants to take all steps necessary to bring their restaurants' bar dining areas into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the bar dining areas contain the requisite amount of accessible seating;

iii.      Defendants to take all steps necessary to modify their policies, practices, and procedures to ensure that individuals with mobility disabilities are not denied the opportunity to have the same dining experience at Defendants' restaurants as individuals without disabilities,

so that no individual with a mobility is denied the opportunity to have full and equal access to all of the goods, services, privileges, advantages, and accommodations that make up Defendants' restaurants;

        iv.    Defendants to take all steps necessary to modify their policies, practices, and procedures to ensure that Defendants' restaurants' bar dining areas comply with the ADA's building design and construction regulations and standards; and,

        v.    The Court shall retain jurisdiction for a period to be determined to ensure that Defendants have undertaken steps to remediate their restaurants and have adopted and are following an institutional policy and practice that will in fact cause Defendants' restaurants to comply with the ADA.

    c.    An Order certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

    d.    Payment of costs and reasonable attorneys' fees as provided for by law, and/or nominal damages; and

    e.    Such other additional or alternative relief as the Court finds just and proper.

Dated:  December 3, 2019                          Respectfully submitted,


                                                 /s/ E. David Hoskins
                                                 E. David Hoskins, Esq., No. 06705
                                                 **The Law Offices of E. David Hoskins, LLC**
                                                 16 East Lombard Street, Suite 400
                                                 Baltimore, Maryland 21202
                                                 (410) 662-6500 (Tel.)
                                                 davidhoskins@hoskinslaw.com


                                                 /s/ Kathleen P. Hyland
                                                 Kathleen P. Hyland, Esq., No. 30075
                                                 **Hyland Law Firm, LLC**
                                                 16 East Lombard Street, Suite 400
                                                 Baltimore, Maryland 21202
                                                 (410) 777-5396 (Tel.)
                                                 kat@lawhyland.com


                                                 /s/ R. Bruce Carlson
                                                 R. Bruce Carlson, No. 29344
                                                 bcarlson@carlsonlynch.com
                                                 Kelly K. Iverson*
                                                 kiverson@carlsonlynch.com
                                                 Bryan A. Fox*
                                                 bfox@carlsonlynch.com
                                                 **CARLSON LYNCH, LLP**
                                                 1133 Penn Ave., 5th Floor
                                                 Pittsburgh, PA 15222
                                                 Tel: (412) 322-9243
                                                 Fax: (412) 231-0246


                                                 Patrick W. Michenfelder*
                                                 Chad Throndset*
                                                 **THRONDSET MICHENFELDER, LLC**
                                                 Cornerstone Building
                                                 One Central Avenue West, Suite 203
                                                 St. Michael, MN 55376
                                                 Tel: (763) 515-6110
                                                 Fax: (763) 226-2515
                                                 pat@throndsetlaw.com
                                                 chad@throndsetlaw.com


                                                 *Admission for pro hac vice forthcoming.

                                                 Attorneys for Plaintiff